**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK DANIEL KENNY, | No. 21-35417 |
| Petitioner-Appellant, | D.C. No. 3:21-cv-00023-SLG |
| v. | |
| GRACE-ANNE MCCANN DAVIS; JAMES LAVERN DAVIS; MEGAN MCCANN DAVIS, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Submitted February 14, 2022**
San Francisco, California

Before: GOULD and RAWLINSON, Circuit Judges, and ADELMAN,*** District
Judge.

Petitioner-Appellant Patrick Daniel Kenny appeals from a district court order

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

denying his petition to have his toddler son repatriated from the United States to the Republic of Ireland for custody proceedings against Respondent-Appellee Grace-Anne Davis. This petition was filed pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, as implemented by the International Child Abduction Remedies Act, 22 U.S.C. § 9001 *et seq*. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's legal rulings *de novo* and its factual findings as to the habitual residence of the child for clear error, *Monasky v. Taglieri*, 140 S. Ct. 719, 730 (2020), we affirm.

1.　　Kenny argues that the district court clearly erred in finding that Alaska was his son's habitual residence immediately before the July 9, 2020, wrongful retention date.[1] He cites an out-of-circuit opinion in suggesting the relevant inquiry is "whether the parents or guardians . . . shared an intent to change the child's habitual residence. The unilateral intent of a single parent will not suffice to change a child's habitual residence." *Calixto v. Lesmes*, 909 F.3d 1079, 1084 (11th Cir. 2018). Kenny urges reversal on grounds that he and Davis only brought their son to Alaska to see Davis' parents, and they never mutually intended to change his habitual residence from Ireland to the United States.

---

[1] Kenny claims the district court incorrectly set the date of wrongful retention as July 9, 2020. But this assertion is unsupported by citations to the law or record, so it is waived. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived.").

But this reasoning is inconsistent with controlling Supreme Court precedent. It is true that, because "children, especially those too young or otherwise unable to acclimate, depend on their parents as caregivers, the intentions and circumstances of caregiving parents are relevant considerations" in identification of a child's habitual residence. *Monasky*, 140 S. Ct. at 727. The Supreme Court has, however, held that "[t]here are no categorical requirements for establishing a child's habitual residence—least of all an actual-agreement for infants." *Id*. at 728. By contrast, "a wide range of facts other than an actual agreement, including facts indicating that the parents have made their home in a particular place, can enable a trier [of fact] to determine whether an infant's residence in that place has the quality of being 'habitual.'" *Id*. at 729. And this factual inquiry is guided by common sense. *See id*. at 727. Kenny's narrow focus on mutual intent misstates and unduly restricts the law. *See id*.

Applying these principles, the district court's factual finding that "the place of habitual residence of the child immediately prior to July 9, 2020, was Alaska" is not clearly erroneous. Kenny's father sold the Irish business for which Kenny was working. After Kenny, Davis, and their son traveled to Alaska, Davis began working at her mother's business. Kenny applied for Legal Permanent Resident (LPR) status and work authorization. Davis and her mother testified to the district court that Kenny had explored working as a real estate agent in Alaska. And Davis researched

3

Alaskan apartments where she could live with Kenny and their son after Kenny got into a fight with Davis's brother and was allegedly told to leave his accommodations at the home of Davis's parents. When aggregated, these facts can properly be construed as indicating that Kenny and Davis made their home in Alaska, so the district court did not clearly err in making its factual finding that Alaska was the child's habitual residence immediately before the July 9, 2020, wrongful retention date. *See Monasky*, 140 S. Ct. at 729; *Brnovich v. Dem. Nat'l Comm.*, 141 S. Ct. 2321, 2348–49 (2021) ("If the district court's view of the evidence is plausible in light of the entire record, an appellate court may not reverse even if it is convinced that it would have weighed the evidence differently in the first instance." (cleaned up)).

Kenny urges the panel to reach a contrary conclusion on the grounds that the district court improperly disregarded evidence and testimony allegedly establishing that Kenny's son was a habitual resident of Ireland at all relevant times. This discussion is inapposite. *See Brnovich*, 141 S. Ct. at 2349 ("Where there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous." (cleaned up)). Kenny alternatively argues that the district court erred by not resolving the factual issues of whether he had in fact agreed to change his son's habitual residence from Ireland to the United States, whether this agreement was contingent on the family staying together, and whether Davis

4

breached that condition. But parents need not actually agree to move a child's habitual residence. *See Monasky*, 140 S. Ct. at 728. And Kenny did not present his conditional agreement claim to the district court, so it is waived on appeal. *See In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014).

2.      Apart from the habitual residence issue, Kenny claims that he holds custody rights over his son under Irish law. Kenny relatedly argues that the district court erroneously concluded that he "at least implicitly, if not explicitly, consented to the child remaining in Alaska" because the record does not reflect explicit consent and the district court ignored the alleged hostility Davis's family exhibited toward Kenny in Alaska. Here, Kenny seemingly suggests the district court should have granted his petition on the basis that he was exercising his custodial rights over his child as of the wrongful retention date, and has continued to exercise these rights. But this discussion is inapt because Hague Convention relief is available only if a child is wrongfully removed or retained from his or her country of habitual residence, and the district court did not clearly err in finding that Kenny's son was a habitual resident of Alaska immediately prior to the wrongful retention date. *See Monasky*, 140 S. Ct. at 723, 730.

      **AFFIRMED.**